**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-40529
(Summary Calendar)

SERGIO MORAIDA,

Plaintiff-Appellant,

versus

J. LAMBRIGHT, Correctional Officer, Gurney Unit;
T. GREENWOOD, CPT, Gurney Unit; UNIDENTIFIED
SMITH, Major, Gurney Unit; BRENDA CHANEY,
Asst. Warden, Gurney Unit; MICHAEL WILSON,
Warden, Gurney Unit; JANIE M. COCKRELL, Warden,
Regional Director, TDCJ-ID, WAYNE SCOTT DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; JAMES A. COLLINS,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-581

August 5, 1997
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Sergio Moraida, # 674366, appeals the 28 U.S.C. § 1915(d) (now (e)(2)(B)(I)) dismissal of his due process claim and the judgment for the defendant on his excessive force claim after a bench trial. Moraida makes generalized attacks on the factual findings of the magistrate judge. He contends that he accidently touched Lambright's elbow and that he was not belligerent or aggressive. He alleges perjury and conflicting statements and testimony by the defendants' witnesses. Moraida offers no reason to question the magistrate judge's factual findings. They are not clearly erroneous and will not be disturbed on appeal. Odom v. Frank, 3 F.3d 839, 843 (5th Cir. 1993).

Moraida argues that he did not pose a reasonably perceived threat to warrant being assaulted by Officer Lambright and that there was no need for force. "[W]henever prison officials stand accused of using excessive force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The magistrate judge's conclusions on the core inquiry are correct.

Moraida challenges the magistrate judge's dismissal of his due process claim against Greenwood and the supervisory officials. Moraida did not state a due process claim because his punishment was 15 days solitary confinement and classification as medium custody for 90 days. He did not have a liberty interest. Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995).

Moraida argues that he should have been appointed counsel in the district court because he is Spanish-speaking and cannot speak fluent English. Moraida does not point out any errors in

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

2

the magistrate judge's statement of the facts which allegedly resulted from his inability to communicate the facts of his claim. The magistrate judge did not abuse her discretion in denying appointment of counsel. <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982).

      AFFIRMED.